THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FIDELE CUDA, Appellant.

Fourth Department, May 25, 1972.

Ronald A. Yorio for appellant.

John M. Finnerty for respondent.

WITMER, J. By information dated March 12, 1971 defendant was charged in Steuben County Court with being a wayward minor in violation of section 913-a of the Code of Criminal Procedure. That section provides in part, "a. Any person between the ages of sixteen and twenty-one who either * * * (5) is willfully disobedient to the reasonable and lawful commands of parent * * * and is morally depraved or is in danger of becoming morally depraved or (6) who without just cause and without the consent of parents * * * deserts his or her home * * * and is morally depraved

or is in danger of becoming morally depraved * * * may be deemed a wayward minor."

Section 913-b provides in part that, "Such person * * * may be so adjudged by any magistrate where an information is laid before him on complaint of a peace officer, parent".

A person adjudged to be a wayward minor may be punished under section 913-c of said law by being placed on probation up to two years or committed for an indeterminate term to a reformatory institution not to exceed three years.

Upon the hearing in Steuben County Court defendant's attorney moved for dismissal of the information upon several grounds, including (a) that the language of section 913-a, "morally depraved or is in danger of becoming morally depraved", is too vague and ambiguous to be constitutionally valid, and (b) that the provision of section 913-b authorizing trial by Magistrate without a jury is unconstitutional since the punishment under section 913-c may exceed six months' imprisonment.

The court denied the motions to dismiss the information, and after a hearing it found defendant guilty of being a wayward minor and placed him on probation for two years. Within one month thereafter defendant was charged with violation of his probation, was found guilty thereof, his probation was revoked and on May 4, 1971 he was sentenced to a reformatory term under the jurisdiction of the State Department of Correction. He appeals from that judgment. With commendable candor the District Attorney joins in the defendant's prayer for reversal of the judgment and dismissal of the information.

We note at the outset that the sections of the Code of Criminal Procedure involved in this appeal were omitted from the new Criminal Procedure Law which became effective September 1, 1971, and that these sections ceased to be law on August 31, 1971. Nevertheless, since this charge arose in March, 1971, the validity of sections 913-a through 913-c of the Code of Criminal Procedure as applied to this defendant must be determined.

Since the statute provided for punishment in excess of six months, it was unconstitutional for failure to afford defendant a jury trial (*Baldwin* v. *New York,* 399 U. S. 66; *Duncan* v. *Louisiana,* 391 U. S. 145). For this reason the judgment should be reversed. Were it not for the remaining question of the constitutionality of section 913-a, we would remit for a new trial (see *People* v. *Michael A. C.,* 27 N Y 2d 79).

The argument that the language in section 913-a, "morally depraved or in danger of becoming morally depraved", is unconstitutionally vague and ambiguous has been considered by our Court of Appeals and rejected without opinion in *People* v. *Martinez* (23 N Y 2d 780, 782) and *People* v. *Salisbury* (18 N Y 2d 899). In *People* v. *Gregory E. (Anonymous)* (26 N Y 2d 622) and in three companion cases in *People* v. *Martinez* (*supra*) the Court of Appeals dismissed the complaint upon the ground that it was not established that defendant was a wayward minor. In *People* v. *Allen* (22 N Y 2d 465, 470) the court reached the same conclusion on the evidence; but the court also wrote as follows: "Although, as it has been noted, it is unnecessary to reconsider the general validity of the statute or presently overrule *Salisbury*, in view of the tightening of due process requirements in this type of juvenile proceeding authorizing the judicial option of confinement in institutions which serve also for the treatment of persons convicted of felony, particular care should be taken that the charge has substance based on acts which point to grave danger to youth and is not merely a compliance with form; and that the conduct inquired into is seriously harmful and not merely an exaggerated manifestation of intra-family parent-child conflict."

The question has recently been extensively considered by a three-Judge Federal court, which concluded that the statute is unconstitutionally vague (*Gesicki* v. *Oswald*, 336 F. Supp. 371, affd. 406 U. S. 913; and, see, *Gesicki* v. *Oswald*, 336 F. Supp. 365).

The fact that in enacting the new Criminal Procedure Law the Legislature did not re-enact the substance of section 913-a of the Code of Criminal Procedure suggests that the *Gesicki* court is not alone in doubting the constitutionality thereof. We agree with the holding in *Gesicki* and welcome a reconsideration of the question by our Court of Appeals as mentioned in the above quotation from *People* v. *Allen.*

Because of the vagueness and ambiguity of the words "morally depraved" in section 913-a, the section is unconstitutional and void. Since the information and judgment against defendant were based on this section, the judgment should be reversed and the information should be dismissed.

DEL VECCHIO, J. P., MOULE, CARDAMONE and HENRY, JJ., concur.

Judgment unanimously reversed on the law and information dismissed.